UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————— x
IN RE NIELSEN HOLDINGS PLC       :   Case No. 1:18-cv-07143-JMF
SECURITIES LITIGATION           :
                              :   <u>CLASS ACTION</u>
                              :
                              :   STIPULATED AND ~~[PROPOSED]~~
                              :   PROTECTIVE ORDER
                              :
———————————————————— x

## I.      PURPOSES AND LIMITATIONS

1.1      Disclosure and discovery activity in the above-captioned Action may call for the production or disclosure of trade secret or other proprietary or confidential research, development or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure, other private or competitively sensitive information and/or personally identifiable information for which protection from public disclosure and from use for any purpose other than prosecuting and defending the above-captioned Action is warranted. Accordingly, the Parties hereby stipulate to and ask the Court to enter this Stipulated Protective Order ("Order") pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Rule 502(d) of the Federal Rules of Evidence.

## II.     DEFINITIONS

2.1      "Action" means the above-captioned action and any and all cases consolidated or coordinated with it.

2.2      "Confidential Material" means any Discovery Material a Producing Party has, subject to the provisions of this Order, designated as "Confidential," based on the Producing Party's reasonable and good faith belief that the Discovery Material constitutes or reveals:

(a)      Confidential trade secrets or proprietary business information;

(b)      Non-public communications with regulators or other governmental bodies that are protected from disclosure by statute or regulation;

(c)      Information, materials and/or other documents reflecting non-public business or financial strategies and/or confidential competitive information, which, if disclosed, could result in competitive harm to the Producing Party; and

(d)     Sensitive, non-public personal, client or customer information concerning individuals or other entities, including, but not limited to, information that would be considered personally identifiable information under any applicable law.  Confidential Material includes information as to which applicable law – foreign or domestic, including, but not limited to, the EU General Data Protection Regulation – requires the equivalent of Confidential treatment or other protection from unauthorized disclosure as set forth in this Order.

2.3     "Counsel" means Outside Counsel and In-House Counsel.

2.4     "Designating Party" means any Party or Non-Party that designates Discovery Material produced by itself or any other Producing Party as Confidential or Highly Confidential.

2.5     "Discovery Material" means all items or information, regardless of the medium or manner generated, stored or maintained, including, among other things, documents, testimony, interrogatory responses, transcripts, depositions and deposition exhibits, responses to requests to admit, recorded or graphic matter, electronically stored information, tangible things and/or other information produced, given, exchanged by or obtained by a Party from any other Party or Non-Party in discovery in this Action.

2.6     "Expert" and/or "Consultant" means a person with specialized knowledge or experience in a matter pertinent to this Action, along with his or her employees and support personnel, who has been retained by a Party or its Counsel to serve as an expert witness or consultant in this Action, who is not currently an employee of a Party and who, at the time of retention, is not anticipated to become an employee of a Party.  This definition includes a professional jury or trial consultant retained in connection with this Action.

2.7     "Highly Confidential Material" means any Discovery Material that a Producing Party has, subject to the provisions of this Order, designated as "Highly Confidential" on the

basis that the Producing Party reasonably and in good faith believes the Discovery Material contains trade secrets or other information that the Party reasonably believes could, if disclosed, result in imminent competitive, commercial or financial harm to the Producing Party or its personnel, clients or customers.

2.8     "In-House Counsel" means attorneys and other personnel employed by a Party to perform or support legal functions to whom disclosure of Discovery Material is reasonably necessary in connection with this Action.

2.9     "Non-Party" means any natural person or entity that is not a named Party to the Action.

2.10     "Outside Counsel" means attorneys, along with their paralegals and other support personnel assisting them with this Action (including temporary or contract staff), who are not employees of a Party but who have been retained to represent or advise a Party in connection with this Action.

2.11     "Party" means any party to the Action, including all of its officers, directors and employees.

2.12     "Privileged Material" means Discovery Material protected from disclosure under the attorney-client privilege, attorney work product doctrine, United States or foreign bank disclosure laws or regulations and/or any other applicable United States or foreign statute, law, regulation, privilege or immunity from disclosure.

2.13     "Producing Party" means any Party or Non-Party that produces Discovery Material in this Action.

2.14     "Professional Vendor" means a person or entity that provides litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; or

organizing, storing or processing data in any form or medium) and its employees and subcontractors.

2.15    "Protected Material" means any Discovery Material designated as Confidential or Highly Confidential; provided, however, that Protected Material does not include information that is publicly available or that becomes publicly available other than as a result of a breach of this Order or any other confidentiality agreement or undertaking.

2.16    "Receiving Party" means any Party or Non-Party that receives Discovery Material from a Producing Party.

## III.    SCOPE

3.1    The protections conferred by this Order and the limitations on the use of information obtained during the course of discovery in this matter as set forth in this Order cover not only Discovery Material but also any information copied or extracted therefrom, including all copies, excerpts, summaries or compilations thereof, as well as any materials quoting or disclosing Protected Material, including without limitation briefs, memoranda, testimony, and conversations or presentations by Parties or counsel in settings that might reveal Protected Material. However, except as set forth in §11.5 of this Order, this Order shall not be construed to cause any Counsel to produce, return, destroy and/or sequester their own attorney work product, or the work product of their co-counsel, created in anticipation of or in connection with this Action. This Order does not govern the use of Protected Material at trial; in the event this Action goes to trial, the Parties shall work with the Court to develop a process to address any Protected Material a Party reasonably believes should not become part of the public record (such as Protected Material that includes unredacted personally identifiable information).

## IV.    DURATION

4.1     The confidentiality obligations imposed by this Order shall remain in effect until the Designating Party agrees otherwise in writing or this Court orders otherwise.

## V.    DESIGNATING PROTECTED MATERIAL

5.1     <u>Manner and Timing of Designations</u>: Except as otherwise provided in this Order or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.  Designation in conformity with this Order requires:

(a)     For information in non-native documentary form (including transcripts of depositions taken in other proceedings), that the Producing Party affix the legend "Confidential" or "Highly Confidential" on the document.  A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed Highly Confidential.  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents or portions thereof qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the "Confidential" or "Highly Confidential" legend to each page that contains Protected Material.

(b)     For deposition transcripts and/or testimony in this Action's other pretrial or trial proceedings, that the Designating Party designate any portion of the testimony as Confidential or Highly Confidential in writing on or before the later of: (i) thirty (30) calendar days after receipt of the final transcript; or (ii) the date by which any review by the witness and

statement of changes to the transcript are to be completed under Rule 30(e) of the Federal Rules of Civil Procedure.  Only those portions of the testimony designated for protection in accordance with the preceding sentence shall be Protected Material under the provisions of this Order.  The entire testimony shall be deemed to have been designated Highly Confidential until the time within which the transcript may be designated has elapsed.  If testimony is not designated within the prescribed time period, such testimony shall not be deemed Confidential or Highly Confidential except as ordered by the Court or as provided in §5.2 of this Order.  If all or a part of a videotaped deposition is designated as Confidential or Highly Confidential, the DVD or other storage media, plus any container, shall be so labeled.  Notwithstanding the preceding language in this paragraph, in the event that (i) a document produced and designated by a Non-Party as Confidential or Highly Confidential is used as an exhibit in a deposition or other pretrial or trial proceeding, and (ii) counsel for the Non-Party is not present at the deposition, the Parties agree that the exhibit shall remain designated Confidential or Highly Confidential and any testimony concerning the exhibit shall be deemed Confidential or Highly Confidential as required by this paragraph. If there is a dispute arising from the confidentiality designation of testimony given in deposition or in other pretrial or trial proceedings, the Parties shall meet and confer in an attempt to resolve the dispute.

(c)     For information produced in electronic, audio or video format and for any other tangible items, that the Producing Party affix the legend "Confidential" or "Highly Confidential" in a prominent place on the item itself or on the exterior of the container or containers in which the information or item is stored, and/or in the electronic file name, in any suitable and readily viewable manner.  Whenever a Receiving Party to whom electronically stored discovery material so designated is produced reduces such information to hard-copy form,

to the extent such pages have not previously been marked by the Producing Party, such Receiving Party shall mark the hard copy by affixing the designation "Confidential" or "Highly Confidential" to each page of such document.   When possible, in order to minimize the likelihood of inadvertent disclosure of confidential information for any information transmitted by electronic means, the Producing Party shall make a good faith effort to place the appropriate confidentiality designation in the subject of the e-mail conveying the confidential information or on the title of the digital document or media through which it is conveyed or otherwise notify the Receiving Party of the fact that confidential information is being conveyed.   A Party may designate information produced by a Non-Party as Confidential or Highly Confidential to the extent appropriate by notifying all other Parties of the designation within thirty (30) days after the production of information by the Non- Party.

(d)     For documents produced in native format, that the Producing Party include the confidentiality designation "Confidential" or "Highly Confidential" in the metadata produced for such documents and on any placeholder page.

(e)     For interrogatory answers and responses to requests to admit and the information contained therein, that the Producing Party affix the legend "Confidential" or "Highly Confidential" in a prominent place on each page of such document prior to service or production.

(f)     For reports created by an Expert or Consultant relying on or incorporating Protected Material in whole or in part, that the Party responsible for its creation include the confidentiality designation "Confidential" or "Highly Confidential" on the report.

5.2     <u>Inadvertent Failures to Designate</u>: If a Producing Party discovers that it produced material that was not designated as Protected Material or produced material that was designated

as Protected Material but had designated that Protected Material in the incorrect category of Protected Material, the Producing Party may within five (5) business days of such discovery notify all Receiving Parties in writing of the error and identify by production number the affected material and its new designation or re-designation.  Thereafter, the material so designated or re-designated shall be treated as Protected Material in conformity with the new designation or re-designation.  Promptly after providing such notice, the Producing Party shall provide relabeled copies of the material to each Receiving Party reflecting the change in designation.  Each Receiving Party shall make reasonable efforts timely following correction of a designation to ensure that the material is treated in accordance with the provisions of this Order (*i.e.*, to delete and replace the incorrectly designated material and all copies thereof with the newly designated material and to destroy the incorrectly designated material).  To the extent such information may have been disclosed to anyone not authorized to receive Confidential or Highly Confidential Discovery Material under the terms of this Order, the Receiving Party shall take all reasonable efforts to avoid any further disclosure, including by promptly retrieving the Discovery Material and/or confirming destruction of the Discovery Material.  If corrected, an inadvertent failure to designate qualified information or items as Confidential or Highly Confidential does not waive the Producing Party's right to secure protection under this Order for such material.

5.3     In the event that more than one Designating Party designates the same Protected Material with different levels of treatment or confidentiality, all copies of the Protected Material shall by treated as having the highest level of confidentiality designated by any Designating Party pending any challenge to the confidentiality designation as provided for in §6 of this Order.

5.4     <u>Upward Designation of Information or Items Produced by Other Parties or Non-Parties</u>: A Party may upwardly designate (*i.e.*, change any Discovery Material produced without

a designation of Confidential or Highly Confidential to one of those two designations or change any Discovery Material produced as Confidential to a designation of Highly Confidential) any Discovery Material produced by another Party or Non-Party, provided that said Discovery Material contains the upwardly designating Party's Confidential or Highly Confidential Material or otherwise is entitled to protective treatment under Rule 26(c) of the Federal Rules of Civil Procedure or other law, foreign or domestic, such that the upward designation is appropriate under the terms of this Order.  Upward designation shall be accomplished by providing written notice to all Parties identifying by Bates number or other individually identifiable information the Discovery Material to be re-designated within thirty (30) days of the later of: (i) production by the disclosing Party; or (ii) receipt by the upwardly designating Party.  Failure to upwardly designate within the time period set forth in the preceding sentence alone will not prevent a Party from obtaining the agreement of all Parties to upwardly designate certain Discovery Material or from moving the Court for such relief.

5.5    Any Party may object to the upward designation of Discovery Material pursuant to the procedures set forth in §6 of this Order regarding challenging designations.

5.6    When any Party receives a production from a Non-Party in response to a subpoena served by the Party, that Party shall deliver a copy of that production to all other Parties within five (5) business days of the Party's receipt of the production from the Non-Party.

**VI.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1    <u>Timing of Challenges</u>: Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2    <u>Meet and Confer</u>: If a Party elects to challenge a Designating Party's confidentiality designation, it must do so in good faith and must begin the process by notifying

the Designating Party in writing of its challenge and identifying the challenged material with as much specificity as reasonably practical, including, for example, by production number, and by providing a basis for the challenge.  The objecting Party and the Designating Party shall, within ten (10) business days after service of the written objections, meet and confer concerning the objection unless otherwise agreed.  The Parties shall meet and confer regarding any challenge to confidentiality designations before raising those disputes with the Court.

6.3     <u>Judicial Intervention</u>: If the Parties are not able to resolve a dispute about a confidentiality designation during the meet-and-confer process set forth in §6.2 of this Order, the Party challenging the designation may seek relief promptly from the Court in accordance with its rules and procedures.  Until the Court rules on the dispute, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation.  In the event the Court rules that the challenged material's designation should be changed, the Designating Party shall reproduce copies of all materials with their designations removed or changed in accordance with the ruling within ten (10) business days of the ruling.

## VII.    ACCESS TO AND USE OF DISCOVERY MATERIAL

7.1     Subject to any other written agreement among or between Producing Parties and/or Receiving Parties, a Receiving Party may access or use Discovery Material disclosed or produced by a Producing Party only in connection with the prosecution, defense, appeal or attempted settlement of, or enforcement of insurance rights with respect to, this Action.  Except as required by law, Discovery Material may not be used for any other purpose, including, but not limited to, any business or commercial purpose, contractual demands, any purpose related to any other investigation or proceeding, or evaluation or prosecution of any potential claims not asserted in the Second Amended Complaint for Violations of the Federal Securities Laws (ECF

No. 72).  Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  Following the termination of this Action, each Receiving Party must comply with the provisions of §11 of this Order.

7.2     The recipient of any Protected Material shall maintain such material in a secure and safe area and shall exercise a standard of due and proper care with respect to its storage, custody, use and/or dissemination sufficient under all applicable laws to safeguard against unauthorized or inadvertent disclosure of such material to persons or entities not authorized under this Order.  Protected Material shall not be copied, reproduced, extracted or abstracted except to the extent that such copying, reproduction, extraction or abstraction is reasonably necessary for the conduct of this Action.  All such copies, reproductions, extractions and abstractions shall be subject to the terms of this Order and labeled in the same manner as the designated material on which they are based.  To the extent Protected Material is Electronically Stored Information ("ESI") or is converted to ESI by a Receiving Party, it shall be stored and transmitted only in fully encrypted form as set forth in the ESI Protocol agreed to by the Parties.

7.3     <u>Disclosure of Confidential Material</u>: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, material designated Confidential may be disclosed by a Receiving Party only to the following persons:

(a)     The Receiving Party's Outside Counsel, to whom it is reasonably necessary to disclose the information in connection with this Action;

(b)     The Receiving Party's In-House Counsel and, to the extent that such disclosure is reasonably necessary for the Action, the individual defendants named in the Action and current and former officers, directors or employees of each Receiving Party who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A hereto);

- 11 -

(c)      Experts and/or Consultants retained by the Receiving Party or its Counsel to serve as an Expert witness or Consultant in this Action and who have signed Exhibit A hereto, provided that: (i) Counsel, in good faith, requires their assistance in connection with this Action; (ii) any part of a report created by such Expert or Consultant incorporating Protected Material, in whole or in part, shall be designated appropriately by the Party responsible for its creation; and (iii) Experts or Consultants may not use Protected Material for any purpose that does not relate to this Action (including, but not limited to, other litigation and other work in their respective fields);

(d)      The Court and its personnel, subject to the requirements of §9 of this Order;

(e)      Special masters, mediators or other third parties appointed by the Court or retained by the Parties for settlement purposes or resolution of discovery or other disputes and their necessary personnel and, in the case of persons retained by the Parties, who have signed Exhibit A hereto;

(f)      Court reporters and/or videographers, their staffs and Professional Vendors to the extent such disclosure is reasonably necessary for this Action;

(g)      The author, addressees or recipients of the document or any other natural person who reviewed or had access to such document during his or her employment as a result of the substantive nature of his or her employment position or who is specifically identified in the document or its accompanying metadata; provided, however, that: (i) this disclosure is made for the purpose of advancing the disclosing Party's claims or defenses and for no other purposes; (ii) the person is not permitted to retain copies of the Protected Material after the witness is examined regarding the Protected Material; and (iii) the person is explicitly informed by the

Outside Counsel that discloses the Protected Material to that person that this Protective Order forbids him or her to disclose the Protected Material except as permitted under this Protective Order and that he or she is subject to the Court's jurisdiction for the purposes of enforcing this Protective Order;

(h)     A witness who has been subpoenaed or noticed for deposition, trial testimony or other Court proceeding in the Action not otherwise authorized to view the Protected Material in question, during that witness's testimony at a deposition, hearing or trial in the Action, or in preparation for the same, provided that: (i) the disclosure is made for the purpose of advancing the disclosing Party's claims or defenses and for no other purposes; (ii) the witness is not permitted to retain the Protected Material after the witness is examined regarding the Protected Material; (iii) the disclosing Party's Outside Counsel advises the witness in advance of any disclosure that this Protective Order forbids him or her to disclose the Protected Material except as permitted under this Protective Order and that he or she is subject to the Court's jurisdiction for the purposes of enforcing this Protective Order; and (iv) the disclosing Party's Outside Counsel maintains a record that he or she has so advised the witness;

(i)     Relevant employees of any insurer to a Party to the extent such disclosure is reasonably necessary for the participation of that Party in this Action and who have signed Exhibit A hereto;

(j)     Any other person agreed to by the Designating Party in writing; and

(k)     Any other person to whom the Court compels disclosure of the Confidential Material or to whom disclosure is required by law, subject to the requirements of §15 of this Order.

Any disclosure permitted by this section may be only made to the extent reasonably necessary to prosecute or defend this Action.

7.4    <u>Disclosure of Highly Confidential Material</u>: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, material designated Highly Confidential may be disclosed by a Receiving Party only to the following persons:

(a)    The Receiving Party's Outside Counsel to whom it is reasonably necessary to disclose the information in connection with this Action;

(b)    Experts and/or Consultants retained by a Party or its Counsel to serve as an Expert or Consultant in this Action and who have signed Exhibit A hereto, provided that: (i) Counsel, in good faith, requires their assistance in connection with this Action; (ii) any part of a report created by such Expert or Consultant incorporating Protected Material, in whole or in part, shall be designated appropriately by the Party responsible for its creation; and (iii) Experts or Consultants may not use Protected Material for any purpose that does not relate to this Action (including, but not limited to, other litigation and other work in their respective fields);

(c)    The Court and its personnel, subject to the requirements of §9 of this Order;

(d)    Special masters, mediators or other third parties appointed by the Court or retained by the Parties for settlement purposes or resolution of discovery or other disputes and their necessary personnel and, in the case of persons retained by the Parties, who have signed Exhibit A hereto;

(e)    Court reporters and/or videographers, their staffs and Professional Vendors to the extent such disclosure is reasonably necessary for this Action;

- 14 -

(f)      The author, addressees or recipients of the document or any other natural person who reviewed or had access to such document during his or her employment as a result of the substantive nature of his or her employment position or who is specifically identified in the document or its accompanying metadata; provided, however, that: (i) the disclosure is made for the purpose of advancing the disclosing Party's claims or defenses and for no other purposes; (ii) the person is not permitted to retain the Protected Material after the witness is examined regarding the Protected Material; (iii) the person is explicitly informed by the disclosing Party's Outside Counsel that this Protective Order forbids him or her to disclose the Protected Material except as permitted under this Protective Order and that he or she is subject to the Court's jurisdiction for the purposes of enforcing this Protective Order; and (iv) the person signs Exhibit A hereto;

(g)      A witness who has been subpoenaed or noticed for deposition, trial testimony or other Court proceeding in the Action not otherwise authorized to view the Protected Material in question, during that witness's testimony at a deposition, hearing or trial in the Action, or in preparation for the same, provided that: (i) the disclosure is deemed necessary for the purpose of advancing the disclosing Party's claims or defenses and for no other purposes; (ii) the witness is not permitted to retain the Protected Material after the witness is examined regarding the Protected Material; (iii) the disclosing Party's Outside Counsel advises the witness in advance of any disclosure that this Protective Order forbids him or her to disclose the Protected Material  except as permitted under this Protective Order and that he or she is subject to the Court's jurisdiction for the purposes of enforcing this Protective Order; and (iv) the disclosing Party's Outside Counsel maintains a record that he or she has so advised the witness;

(h)      Relevant employees of any insurer to a Party to the extent such disclosure is reasonably necessary for the defense of that Party in this Action and who have signed Exhibit A hereto;

(i)      Any other person agreed to by the Designating Party in writing; and

(j)      Any other person to whom the Court compels disclosure of the Highly Confidential Material or to whom disclosure is required by law, subject to the requirements of §15 of this Order.

Any disclosure permitted by this section may be only made to the extent reasonably necessary to prosecute or defend this Action.

7.5      <u>Retention of Exhibit A</u>: Counsel for the Party that obtains the signed Exhibit A hereto, as required above, shall retain it for six months following the final termination of this Action, including any appeals, and shall make it available to other Parties or the Court upon good cause shown.

7.6      <u>Retention of Protected Material</u>: Unless otherwise agreed to by the Producing Party in writing or ordered by the Court, persons described in §§7.3 (g)-(h) and (j) of this Order who have been shown Confidential Material shall not retain copies thereof longer than reasonably necessary in light of the purpose for which the Confidential Material was disclosed. Persons described in §§7.4(f), (h), and (i) who have been shown Highly Confidential Material shall not retain copies thereof longer than reasonably necessary in light of the purpose for which the Highly Confidential Material was disclosed.

## VIII.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

8.1      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the

Receiving Party must immediately: (i) notify in writing the Designating Party of the unauthorized disclosures; (ii) use its best efforts to retrieve all copies of the Protected Material; (iii) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (iv) request such person or persons to execute Exhibit A hereto.

## IX.   INADVERTENT PRODUCTION OR PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

9.1     When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure.   This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Rules 502(d)-(e) of the Federal Rules of Evidence and the ESI Protocol agreed among the Parties in this case, the Parties agree that the inadvertent disclosure of a communication or information covered by the attorney-client privilege or work product protection shall not waive the privilege or protection.

## X.    FILING PROTECTED MATERIAL

10.1    In the event Counsel for any Party determines to file or submit in writing to the Clerk of Court's office or file on ECF any Protected Material containing information satisfying any of the five categories of "sensitive information" or six categories of information requiring caution under the ECF Privacy Policy of the United States District Court for the Southern District of New York ("ECF Privacy Policy"), or any papers containing or making reference to the substance of such material or information, such documents or portions thereof containing or making reference to such material or information shall be filed in redacted form or under seal in accordance with the rules of the Court.   In the event Counsel for any Party determines to file or

submit in writing to the Clerk of Court's office or file on ECF any Protected Material containing information not satisfying any of the five categories of "sensitive information" or six categories of information requiring caution under the ECF Privacy Policy, Counsel shall apply to the Court for permission to file the relevant Protected Material or portions thereof under seal or in redacted form, explaining why the presumption of public access to judicial documents either does not apply or is overcome by countervailing factors.

10.2    Filing under seal shall be without prejudice to any Party's right to argue to the Court that such document is not Confidential Material or Highly Confidential Material and need not be preserved under seal.

## XI.    FINAL DISPOSITION

11.1    In the event that: (i) all Parties to the Action reach a settlement resolving all of the then pending claims among them; or (ii) any court enters an order resolving all of the then-pending claims among the Parties, except as provided below, the provisions of this Order restricting the use of Confidential and Highly Confidential information shall continue to be binding unless otherwise agreed or ordered by the Court.  Upon entry of final judgment either by reason of settlement or Court order, each Receiving Party shall undertake commercially reasonable efforts to prevent anyone acting on its behalf from accessing, reviewing, copying, summarizing or making any other use of a Producing Party's Discovery Material, including, but not limited to, directing the Receiving Party's discovery vendor(s) to take data offline or take other steps to prevent access to the Discovery Material.

11.2    Except as provided by law or other regulatory authority or unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) calendar days after the final termination of this Action, including any appeals, each Receiving Party shall undertake

commercially reasonable efforts to return to the Producing Party all Protected Material or, at the option of the Receiving Party, to destroy all Protected Material.  With respect to Protected Material stored in electronic form, the Receiving Party shall erase such data in conformity with the NIST 800-88 Purge standard or NSA/CSS Policy Manual 9-12 (Dec. 15, 2014).

11.3    In either case, the Receiving Party shall, upon request, provide the Designating Party with a certification stating it has taken the required efforts to destroy or return the Confidential or Highly Confidential documents: (i) except for such information or material that was transmitted electronically and whose removal or destruction from a Party's electronic systems would violate applicable federal or state law, rule or regulation, or policies and procedures reasonably designed to ensure compliance with such law, rule or regulation; and (ii) except that information saved on backup media in an electronically stored format will be certified to have complied with the 60-day destruction period requirement (using the specified methods described above) if the Party has a data destruction policy for the backup media resulting in the eventual destruction or overwriting of the electronically stored information using the specified methods described above; provided, however, that these materials will continue to be subject to the terms of this Order.

11.4    If a Receiving Party takes the position that it cannot comply with the return or destruction provisions of this section within the 60-day destruction period and that it must instead retain documents for a longer period of time pursuant to the "[e]xcept as provided by law or other regulatory authority" provision of this section, then it must, in its certification: (i) state the law or other regulatory authority it believes requires it to retain those documents; and (ii) describe the documents it intends to retain pursuant to that law or regulatory authority.

11.5     Notwithstanding anything in this section, as to those materials designated as Confidential or Highly Confidential that constitute Counsel's work product, and pleadings, motion papers, deposition transcripts and exhibits thereto, legal memoranda and correspondence that were served in this Action or filed with this Court, Counsel may retain such documents, even if such materials contain Confidential or Highly Confidential Material, if such Counsel otherwise comply with this Order with respect to such retained material, including the encrypted transmission and storage requirements of the ESI Protocol.  Any such archival copies that have been designated Confidential or Highly Confidential remain subject to this Order and the encrypted transmission and storage requirements of the ESI Protocol until the Producing Party agrees otherwise in writing or this Court orders otherwise.

11.6     This Order shall survive the termination of this Action, and this Court shall have continuing jurisdiction for enforcement of its provisions following termination of this Action. No part of the restrictions imposed by this Order may be waived or terminated except by written stipulation executed by Outside Counsel for each Designating Party or by an Order of the Court for good cause shown.

## XII.    A DESIGNATING OR PRODUCING PARTY'S USE OF ITS OWN DOCUMENTS

12.1     Nothing in this Order shall be construed to limit in any way any Producing Party's, Receiving Party's or any other person's use of its own documents, including documents obtained independently and lawfully from sources other than a Producing Party, nor shall it affect any Producing Party's, Receiving Party's or any other person's subsequent waiver of its own prior designation with respect to its own Confidential Material or Highly Confidential Material.

## XIII.   CLAWBACK OF PRIVILEGED MATERIAL

13.1    In order to claw back inadvertently produced Privileged Material, the Producing Party must provide notice in writing to the Receiving Party specifying the production number of the Discovery Material it wishes to claw back and the basis of the claim that it is Privileged Material.

13.2    Upon notice that a Producing Party wishes to claw back inadvertently produced Discovery Material protected as Privileged Material, the Receiving Party shall promptly undertake commercially reasonable efforts to return the Discovery Material to the Producing Party, destroy all summaries or copies of the Discovery material, and provide to the Producing Party's Counsel confirmation in writing that all such information and copies of information have been returned or destroyed and shall not be used for any purpose until further order of the Court.

13.3    In all events, such return, destruction and certification must occur within five (5) business days of receipt of the request unless the Receiving Party provides notice of its intent to challenge the assertion of a claim of protection under Rule 26(b)(5) of the Federal Rules of Civil Procedure (the "Challenge Notice"), in which event the Receiving Party may retain no more copies (the "Retained Copies") of the disclosed material than are sufficient to prosecute its challenge to the assertion of protection.  Should a Challenge Notice be issued, the Receiving Party and the Producing Party shall meet and confer to discuss the dispute.  If the Receiving Party and Producing Party are unable to resolve the dispute, the Receiving Party must raise a challenge with the Court within thirty (30) calendar days of that Challenge Notice or otherwise return or destroy the Retained Copies within that period.  Moreover, in the event a Challenge Notice is provided, the Receiving Party shall make no use of the Discovery Material subject to

the request for return other than in connection with the Receiving Party's prosecution of its challenge to the assertion of privilege until the challenge is resolved.

13.4    For the avoidance of doubt, nothing in this paragraph shall be construed as restricting the right of any Party to challenge a claim of privilege at any time permissible under the Federal Rules of Civil Procedure and other relevant laws after return or destruction of the Retained Copies.

13.5    Within ten (10) business days of the notification that reasonable efforts have been taken to return or destroy the Privileged Material, the Producing Party shall produce a privilege log with respect to the Privileged Material.  To the extent the Privileged Material should have been produced in redacted form, the Producing Party shall instead produce the Privileged Material in redacted form and shall provide a redaction log with respect to such material.  The return of any Discovery Material to the Producing Party shall not in any way preclude the Receiving Party from moving the Court for a ruling that the disclosed information is not privileged or that such privilege has been waived; however, the Receiving Party may not assert as a basis for the relief it seeks the fact or circumstance that such privileged documents have already been produced.  The fact that information was produced shall not be used in any manner as evidence in support of any such alleged waiver.  Alleged Privileged Material shall remain protected against disclosure and use during the pendency of any dispute over its status.

13.6    If, during a deposition, a Party claims that a document being used in the deposition (*e.g.*, marked as an exhibit, shown to the witness or made the subject of examination) contains Privileged Material, it may, at its sole election: (i) allow the document to be used in the deposition without waiver of its claim of privilege or other protection; or (ii) instruct the witness not to answer questions concerning the document pending a prompt resolution of any

disagreement concerning the document's privileged or work product protected status.  If the Party allows the examination concerning the document to proceed on a non-waiver basis, the Parties shall sequester all copies of the purportedly privileged or work product protected document.  Immediately following the deposition, the Parties will commence the procedure outlined in the preceding paragraphs to address the claim of privilege or other protection, including the notice requirement set forth in §12.1 of this Order.  Until the dispute is resolved, all Parties and any other persons who have access to the transcript of such deposition shall treat that transcript as Highly Confidential Material.  If any Party instructs the witness not to answer questions concerning the document, the Parties will then cooperate in promptly submitting the issue of the document's status to the Court.  If the document is ultimately determined not to be privileged or subject to other protection, the Party or entity asserting the claim of privilege will be responsible for ensuring that the deposing Party is given an opportunity to depose the witness about the document within thirty (30) calendar days or such other time period that may be agreed by counsel.

13.7    Pursuant to Rule 502(d) of the Federal Rules of Evidence, if a Party at any time notifies any other Party that it, for any reason, disclosed documents, testimony, information and/or things that are protected as Privileged Material, or the Receiving Party discovers such disclosure (in which case the Receiving Party shall give the Producing Party prompt notice), the disclosure alone, pursuant to Rule 502(d), shall not be deemed a waiver – in the Action or in any other proceeding, including in federal or state proceedings – of any applicable privilege or protection.

## XIV.   ATTORNEY RENDERING ADVICE

14.1    Nothing in this Order will bar or otherwise restrict an attorney from rendering advice to his or her client or from relying upon or generally referring to Protected Material in rendering such advice; provided, however, that, in rendering such advice or in otherwise communicating with his or her client, the attorney shall not reveal or disclose the contents of Protected Material if such disclosure is not otherwise permitted under this Order.

## XV.   LEGAL PROCESS

15.1    If a Receiving Party is served with a discovery request, subpoena or order issued in other litigation, or receives some other form of legal process from any court, federal or state regulatory or administrative body or agency, legislative body, self-regulatory organization or other person or entity purporting to have authority to require the production thereof seeking disclosure of any information or items designated in this Action as Confidential or Highly Confidential, the Receiving Party must notify, to the extent permitted by law and the rules, requirements or requests of any relevant governmental or self-regulatory organization, the Designating Party, in writing (by e-mail and overnight courier, if possible), and shall provide the Producing Party with an opportunity to object to the production of such materials.

15.2    The notice shall include a copy of the discovery request, subpoena, order or other form of legal process, and shall be provided as soon as reasonably practicable and in any event no later than five (5) business days after receipt of the discovery request, subpoena, order or other form of legal process unless production is required earlier, in which case the notice must be made in time for the Designating Party to take steps as set forth below.

15.3    To the extent consistent with the rules, requirements or requests of any relevant governmental or self-regulatory organization, the Receiving Party shall not produce the

requested Protected Material unless and until a court of competent jurisdiction so directs, except if the Designating Party: (i) consents; or (ii) fails to file a motion to quash or fails to notify the Receiving Party in writing of its intention to contest the production of the Protected Material prior to the date designated for production of the Protected Material, in which event the Receiving Party may produce on the production date, but no earlier.  In connection with any production of Confidential or Highly Confidential Material subject to this Order, the Receiving Party shall request correspondingly confidential or highly confidential treatment for the Confidential or Highly Confidential Material.

15.4    The purpose of imposing these duties is, to the extent consistent with the rules, requirements or requests of any relevant governmental or self-regulatory organization, or otherwise permitted by law, to afford the Designating Party an opportunity to try to protect its confidentiality interest in the matter or proceeding in connection with which the discovery request, subpoena or order is issued.

15.5    The Designating Party shall bear the burdens and expenses of seeking protection in that matter or proceeding of its Protected Material.

15.6    Nothing in these provisions should be construed as authorizing, requiring or encouraging a Receiving Party to disobey or risk contempt of a lawful directive from another court.

15.7    In the event Discovery Material is produced to a Non-Party as a result of a discovery request, subpoena or order issued in other litigation, or some other form of legal process from any court, federal or state regulatory or administrative body or agency, legislative body or other person or entity, such Discovery Material shall continue to be treated in this Action in accordance with any designation as Protected Material.

## XVI.   NON-PARTIES

16.1    Any Party, in seeking discovery from Non-Parties in connection with this Action, shall provide any Non-Party from which it seeks discovery with a copy of this Order so as to inform each such Non-Party of his, her or its rights herein.  If a Non-Party provides discovery to any Party in connection with this Action, the provisions of this Order shall apply to such discovery as if such discovery were being provided by a Party.  Under such circumstances, the Non-Party shall have the same rights and obligations under the Order with respect to designating material as Protected Material set forth in this Order for the Parties to this Action.  Any Non-Party producing Discovery Material or giving deposition testimony in this Action may avail herself, himself or itself of the provisions of this Protective Order available to "Parties" for her, his or its testimony and Discovery Material by executing Exhibit A hereto and informing the Party that served the subpoena of the same.

## XVII.  NOTICES

17.1    All notices required by this Order must be provided by e-mail to Outside Counsel of record for each Party, and all notices subsequent to the termination of the Action are to be made by e-mail and U.S. mail to a Party's Outside Counsel and the office of the Party's general counsel.  If applicable, notices to a Non-Party will be in writing.  Any of the notice requirements herein may be waived, in whole or in part, but only in writing by an attorney for the Designating Party.

## XVIII. AMENDMENT OF ORDER

18.1    This Stipulated Protective Order is without prejudice to the right of any Party to seek further or additional protection of information for which the protection of this Stipulated Protective Order is not believed by any Party to be adequate, and nothing herein shall preclude

any Party from seeking to amend this Order in writing, for good cause shown, in the form of a written Amended Stipulated Protective Order signed by each Party's Outside Counsel and filed with the Court for approval.  Nothing herein shall preclude any Party or Non-Party from seeking additional or different protections on a case-by-case basis, including, but not limited to, an order that certain information may not be discovered at all.  The Court retains the right to allow disclosure of any subject or Confidential Discovery Material covered by this Stipulated Protective Order and to modify or vacate this Order at any time in the interest of justice.

## XIX.   MISCELLANEOUS

19.1    <u>Right to Assert Other Objections</u>: By stipulating to the entry of this Order, no Producing Party waives any right it otherwise might have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Producing Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

19.2    <u>No Modification of Privileges</u>: Except as provided, nothing in this Order shall modify the law regarding the attorney-client privilege, attorney work product doctrine, joint defense privilege or any other applicable privilege or reason for non-disclosure with respect to trade secrets or other confidential information to the extent such privilege or protection exists under applicable law.

19.3    <u>Governing Law</u>: Except to the extent federal law may be applicable, this Order is governed by, interpreted under, and construed and enforced in accordance with the laws of the State of New York without regard to conflict of law principles.  Any dispute among the Parties regarding this Order shall be resolved by making appropriate application to this Court in accordance with the Rules of the Court and other applicable rules.

19.4    Execution: This Stipulation and Order may be executed in counterparts.   This Stipulation and Order shall become effective as a stipulation among the executing Parties immediately upon its execution by such executing Parties, subject to any subsequent modifications if and when so ordered by the Court.   Execution of this Stipulated Protective Order shall not constitute a waiver of the right of any Party to claim in this Action or otherwise that any document or communication, or any portion thereof, is privileged, otherwise non-discoverable or inadmissible in evidence in this Action or any other proceeding.

DATED:  February 17, 2021

LABATON SUCHAROW LLP
CAROL C. VILLEGAS
ERIC J. BELFI
JAKE BISSELL-LINSK
CHARLES FARRELL

*/s/ Carol C. Villegas*
CAROL C. VILLEGAS

140 Broadway, 34th Floor
New York, NY  10005
Telephone:  212/907-0700
212/818-0477 (fax)
cvillegas@labaton.com
ebclfi@labaton.com
jbissell-linsk@labaton.com
cfarrell@labaton.com

*Attorneys for Lead Plaintiff Public Employees'*
*Retirement System of Mississippi and Lead Counsel*
*for the Proposed Class*

ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS
CHRISTOPHER P. SEEFER
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
chriss@rgrdlaw.com


ROBBINS GELLER RUDMAN
  & DOWD LLP
PATTON L. JOHNSON
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)
pjohnson@rgrdlaw.com

*Attorneys for Additionally Named Plaintiff Monroe
County Employees' Retirement System, and
Additional Counsel for the Proposed Class*


DATED:  February 17, 2021        SIMPSON THACHER & BARTLETT LLP
                              PAUL C. CURNIN
                              CRAIG S. WALDMAN
                              TYLER A. ANGER


                                     */s/ Craig S. Waldman*
                                  CRAIG S. WALDMAN

- 29 -

425 Lexington Avenue
New York, NY  10017
Telephone:  212/455-2000
212/455-2502 (fax)
pcurnin@stblaw.com
cwaldman@stblaw.com
tyler.anger@stblaw.com

*Attorneys for Defendants Nielsen Holdings plc,*
*Dwight Mitchell Barns, Kelly Abcarian, and*
*Jamere Jackson*

IT IS SO ORDERED.

DATED: ___February 18, 2021___          _____

THE HONORABLE JESSE M. FURMAN
UNITED STATES DISTRICT JUDGE

This stipulation binds the parties to treat as confidential the documents so classified.  This Court, however, has not reviewed the documents referenced herein; therefore, by so ordering this stipulation, the Court makes no finding as to whether the documents are confidential.  That finding will be made, if ever, upon a document-by-document review pursuant to the procedures set forth in the Court's Individual Rules and Practices and subject to the presumption in favor of public access to "judicial documents."  *See generally Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).  To that end, the Court does not "so order" any provision to the extent that it purports to authorize the parties to file documents under seal without a prior court order.  *See New York ex rel. Khurana v. Spherion Corp.*, No. 15-CV-6605 (JMF), 2019 WL 3294170 (S.D.N.Y. July 19, 2019).

**Exhibit A**

**Agreement to Be Bound by Protective Order**

I, _____, have been informed that on

_____, 20__, the U.S. District Court for the Southern District of New York entered a

protective order in the consolidated litigation captioned *In re Nielsen Holdings plc Sec. Litig.*,

No. 1:18-cv-07143-JMF.  I have read the Stipulated Protective Order, I agree to abide by the

obligations of the Stipulated Protective Order as they apply to me, and I voluntarily submit to the

jurisdiction of the United States District Court for the Southern District of New York for

purposes of any proceeding related to the Stipulated Protective Order, including my receipt or

review of information that has been designated as Confidential or Highly Confidential.

Dated: _____       _____
                                        (Signature)

                                        _____
                                        (Printed Named)

                                        _____
                                        (Title or Position)

                                        _____
                                        (Company)

- 1 -