**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE NIELSEN HOLDINGS PLC SECURITIES LITIGATION | Civil Action No. 1:18-cv-07143-JMF |

**[~~PROPOSED~~] FINAL JUDGMENT**

**WHEREAS:**

A. As of March 15, 2022, Lead Plaintiff Public Employees' Retirement System of Mississippi ("MissPERS" or "Lead Plaintiff") and additionally named Plaintiff Monroe County Employees' Retirement System ("Monroe," and with MissPERS, "Plaintiffs"), on behalf of themselves and all other members of the proposed Settlement Class (defined below), on the one hand, and Defendants Nielsen Holdings plc ("Nielsen" or the "Company"), Dwight Mitchell Barns, Kelly Abcarian, and Jamere Jackson (collectively, with Nielsen, "Defendants" and, together with Plaintiffs, the "Parties"), on the other, entered into a Stipulation and Agreement of Settlement (the "Stipulation") in the above-titled litigation (the "Action");

B. Pursuant to the Proposed Order Granting Preliminary Approval of Class Action Settlement, entered April 4, 2022 (the "Preliminary Approval Order"), the Court scheduled a hearing for July 20, 2022, at 4:00 p.m. (the "Settlement Hearing") to, among other things: (i) determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate, and should be approved by the Court; (ii) determine whether a judgment as provided for in the Stipulation should be entered; and (iii) rule on Lead Counsel's Fee and Expense Application;

C. The Court ordered that the Notice of Pendency and Proposed Settlement of Class Action and Motion for Attorneys' Fees and Expenses (the "Notice") and a Proof of Claim and Release form ("Claim Form"), substantially in the forms attached to the Preliminary Approval Order as Exhibits 1 and 2, respectively, be mailed by first-class mail, postage prepaid, on or before ten (10) business days after the date of entry of the Preliminary Approval Order ("Notice Date") to all potential Settlement Class Members who could be identified through reasonable effort, and that the Summary Notice of Pendency and Proposed Settlement and of Class Action and Motion for Attorneys' Fees and Expenses (the "Summary Notice"), substantially in the form attached to the Preliminary Approval Order as Exhibit 3, be published in *The Wall Street Journal* and transmitted over *PR Newswire* within fourteen (14) calendar days of the Notice Date;

D. The Notice and the Summary Notice advised potential Settlement Class Members of the date, time, place, and purpose of the Settlement Hearing. The Notice further advised that any objections to the Settlement were required to be filed with the Court and served on counsel for the Parties such that they were received by June 29, 2022;

E. The provisions of the Preliminary Approval Order as to notice were complied with;

F. On June 15, 2022, Plaintiffs moved for final approval of the Settlement, as set forth in the Preliminary Approval Order. The Settlement Hearing was duly held before this Court on July 20, 2022, at which time all interested Persons were afforded the opportunity to be heard; and

G. This Court has duly considered Plaintiffs' motion for final approval of the Settlement, the affidavits, declarations, memoranda of law submitted in support thereof, the Stipulation, and all of the submissions and arguments presented with respect to the proposed Settlement;

NOW, THEREFORE, after due deliberation, IT IS ORDERED, ADJUDGED AND DECREED that:

1. **Incorporation of Settlement Documents**. This Judgment incorporates and makes a part hereof: (i) the Stipulation filed with the Court on March 15, 2022; and (ii) the Notice, which was filed with the Court on June 15, 2022. Capitalized terms not defined in this Judgment shall have the meaning set forth in the Stipulation.

2. **Jurisdiction**. This Court has jurisdiction over the subject matter of the Action and all matters relating to the Settlement, as well as personal jurisdiction over all Parties to the Action, including all Settlement Class Members.

3. **Class Certification for Purposes of Settlement**. The Court hereby affirms its determinations in the Preliminary Approval Order and finally certifies, for purposes of the Settlement only, pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Settlement Class of: all persons and entities that purchased or otherwise acquired Nielsen publicly traded common stock during the period from February 11, 2016 through July 25, 2018, inclusive, and were damaged thereby. Excluded from the Settlement Class are: (i) Defendants; (ii) members of the immediate family of any Individual Defendant; (iii) any person who was an officer or director of Nielsen during the Class Period; (iv) any firm, trust, corporation, or other entity in which any Defendant has or had a controlling interest; (v) affiliates of Nielsen, including its employee retirement and benefit plan(s) and their participants or beneficiaries, to the extent they made purchases through such plan(s); and (vi) the legal representatives, affiliates, heirs, successors-in-interest, or assigns of any such excluded person. Also excluded from the Settlement Class are those Persons who or which have timely and validly sought exclusion from the

Settlement Class and are listed on the annexed Exhibit A as having submitted an exclusion request allowed by the Court.

4.	Pursuant to Rule 23 of the Federal Rules of Civil Procedure and for purposes of the Settlement only, the Court hereby re-affirms its determinations in the Preliminary Approval Order and finally certifies Retirement System of Mississippi and Monroe County Employees' Retirement System as Class Representatives for the Settlement Class; and finally appoints the law firm of Labaton Sucharow LLP as Class Counsel for the Settlement Class.

5.	**Notice**.  The Court finds that the dissemination of the Notice, Summary Notice, and Proof of Claim: (i) complied with the Preliminary Approval Order; (ii) constituted the best notice practicable under the circumstances; (iii) constituted notice that was reasonably calculated to apprise Settlement Class Members of the effect of the Settlement, of the proposed Plan of Allocation for the proceeds of the Settlement, of Lead Counsel's request for payment of attorneys' fees and expenses incurred in connection with the prosecution of the Action, of Settlement Class Members' rights to object thereto or seek exclusion from the Settlement Class, and of their right to appear at the Settlement Hearing; (iv) constituted due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (v) satisfied the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA").

6.	**Objections**.  There have been no objections to the Settlement.

7.	**Final Settlement Approval and Dismissal of Claims**.  Pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement and finds that

in light of the benefits to the Settlement Class, the complexity and expense of further litigation, the risks of establishing liability and damages, and the costs of continued litigation, said Settlement is, in all respects, fair, reasonable, and adequate, having considered and found that: (a) Plaintiffs and Lead Counsel have adequately represented the Settlement Class; (b) the proposal was negotiated at arm's-length between experienced counsel; (c) the relief provided for the Settlement Class is adequate, having taken into account (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Settlement Class, including the method of processing Settlement Class Member claims; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (d) the proposed Plan of Allocation treats Settlement Class Members equitably relative to each other.  Accordingly, the Settlement is hereby approved in all respects (including, without limitation: the amount of the Settlement; the releases provided for in the Stipulation; and the dismissal with prejudice of the claims asserted against Defendants) and shall be consummated in accordance with the terms and provisions of the Stipulation.  The Parties are hereby directed to consummate the Stipulation and to perform its terms.

8. The Second Amended Complaint for Violations of the Federal Securities Laws (the "Second Amended Complaint"), filed on September 27, 2019, is dismissed in its entirety, with prejudice, and without costs to any Party, except as otherwise provided in the Stipulation.

9. **Rule 11 Findings**.  The Court finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

10. **Releases**.  The releases set forth in paragraphs 3 and 4 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly

incorporated herein in all respects. Without further action by anyone, and subject to paragraph 12 below, upon the Effective Date of the Settlement, each of the Plaintiffs shall have, and each of the other Settlement Class Members shall be deemed to have, and by operation of this Judgment shall have, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, legal representatives, predecessors, successors, and assigns, in their capacities as such, fully, finally, and forever compromised, settled, released, relinquished, waived, and discharged any and all of the Released Claims against each of the Released Defendant Parties, and shall forever be barred and enjoined from prosecuting any and all of the Released Claims against any of the Released Defendant Parties, whether or not such Settlement Class Member executes and delivers a Proof of Claim form or shares in the Net Settlement Fund. Claims to enforce the terms of the Stipulation are not released.

11. Upon the Effective Date of the Settlement, each of the Defendants, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, legal representatives, predecessors, successors, and assigns, in their capacities as such, shall have fully, finally, and forever compromised, settled, released, relinquished, waived, and discharged any and all of the Released Defendants' Claims against each of the Released Plaintiff Parties, and shall forever be barred and enjoined from prosecuting any and all of the Released Defendants' Claims against any of the Released Plaintiff Parties. Claims to enforce the terms of the Stipulation are not released.

12. Notwithstanding paragraphs 10 to 11 above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

13. **Binding Effect**. The terms of the Stipulation and this Judgment shall be forever binding on Defendants, Plaintiffs, and each Settlement Class Member (whether or not such

Settlement Class Member executes and delivers a Claim Form), as well as their respective successors and assigns.

14. **No Admissions**. This Judgment and the Stipulation (including any exhibits thereto, the Supplemental Agreement, and any Plan of Allocation), whether or not consummated, and any discussion, negotiation, proceeding, or agreement relating to the Stipulation, the Settlement, and any matter arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of the Parties or their respective counsel, for any purpose other than in an action to enforce the terms hereof, and in particular:

(a) do not constitute, and shall not be offered or received against or to the prejudice of any of the Defendants or the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants or the Released Defendant Parties with respect to the truth of any allegation by Plaintiffs and the Settlement Class, or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including but not limited to the Released Claims, or of any liability, damages, negligence, fault or wrongdoing of Defendants or any person or entity whatsoever, or of any infirmity in any of the Defendants' defenses;

(b) do not constitute, and shall not be offered or received against or to the prejudice of any of the Defendants or the Released Defendant Parties as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Defendants, or against or to the prejudice of Plaintiffs, or any other member of the Settlement Class, as evidence of any infirmity in the claims of Plaintiffs, or the other members of the Settlement Class;

(c) do not constitute, and shall not be offered or received against or to the prejudice of any of the Defendants or the Released Defendant Parties, Plaintiffs, any other member of the Settlement Class, or their respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Defendants or the Released Defendant Parties, Plaintiffs, other members of the Settlement Class, or their respective counsel, in any other civil, criminal, or administrative action or proceeding; provided, however, the Parties and Released Parties and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise as may be necessary to effectuate the provisions of the Stipulation;

(d) do not constitute, and shall not be construed against any of the Defendants or the Released Defendant Parties, Plaintiffs, or any other member of the Settlement Class, as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

(e) do not constitute, and shall not be construed as or received in evidence as an admission, concession, or presumption against Plaintiffs, or any other member of the Class that any of their claims are without merit or infirm or that damages recoverable under the Second Amended Complaint would not have exceeded the Settlement Amount.

15. The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any Person to participate in the distribution of the Net Settlement Fund, shall remain under the authority of this Court.

16. **Termination of Settlement**.  In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null

and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation, and the Settlement Fund shall be returned in accordance with paragraph 46 of the Stipulation.

17. **Modification of the Stipulation**.  Without further approval from the Court, Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement.  Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

18. **Fee Order and Order on Plan of Allocation**.  A separate order shall be entered regarding Lead Counsel's application for attorneys' fees and payment of expenses as allowed by the Court.  A separate order shall be entered regarding the proposed Plan of Allocation for the Net Settlement Fund.  Such orders shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.  Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

19. **Retention of Jurisdiction**.  Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of the Settlement; (ii) the allowance, disallowance, or adjustment of any Settlement Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (iii) disposition of the Settlement Fund; (iv) any applications for attorneys' fees, costs, interest, and payment of expenses

in the Action; (v) all Parties for the purpose of construing, enforcing and administering the Settlement and this Judgment; and (vi) other matters related or ancillary to the foregoing.

20. **Entry of Final Judgment**. There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is respectfully directed.

DATED this ___20th___ day of ___July___, 2022

_____
HONORABLE JESSE M. FURMAN
UNITED STATES DISTRICT JUDGE

## EXHIBIT A

1. Kristen Lee Hannum Felicione, Clearwater, Florida