UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE NIELSEN HOLDINGS PLC SECURITIES LITIGATION | Civil Action No. 1:18-cv-07143-JMF |

# [PROPOSED] ORDER AUTHORIZING DISTRIBUTION OF NET SETTLEMENT FUND TO AUTHORIZED CLAIMANTS AND GRANTING RELATED RELIEF

THIS MATTER having come before the Court on the motion of Court-appointed Lead Plaintiff for approval of a distribution of the Net Settlement Fund to eligible claimants; the Settlement having reached its Effective Date; and the Court having considered the papers filed and proceedings had herein and otherwise being fully informed;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.      This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement, dated March 15, 2022 and all capitalized terms used, but not defined herein, shall have the same meanings as set forth in the Stipulation or the Declaration of Melissa Mejia in Support of Lead Plaintiff's Motion for Authorization to Distribute Net Settlement Fund ("Distribution Declaration" or "Distribution Decl.").

2.      The administrative recommendations of Epiq Class Action & Claims Solutions, Inc. ("Epiq" or "Claims Administrator"), the Court-appointed Claims Administrator, to accept the Proof of Claim and Release forms ("Claim Forms"), including the late but otherwise eligible

Claim Forms, listed in Exhibits D-1 and D-2 to the Distribution Declaration, are hereby APPROVED.

3. As determined by the Claims Administrator, wholly rejected or otherwise ineligible Claim Forms, listed in Exhibit D-3 are hereby REJECTED. The Claims Administrator's recommendation to reject the Disputed Claim listed in Exhibit E is adopted.

4. The distribution of the Net Settlement Fund to Authorized Claimants is hereby AUTHORIZED and shall be conducted in accordance with the Stipulation, the Court-approved Plan of Allocation, and the distribution plan for payment of the Net Settlement Fund ("Distribution Plan") set forth in paragraph 44 of the Distribution Declaration, which is hereby APPROVED.

5. At such time as Lead Counsel, in consultation with Epiq, determines that further distributions of any unclaimed funds remaining in the Net Settlement Fund is not cost effective, any residual amount may, with leave of the Court, be donated to the Investor Protection Trust.

6. No new Claim Forms may be accepted after November 30, 2022 and no further adjustments to Claim Forms received on or before November 30, 2022 that would result in an increased Recognized Claim Amount may be accepted after March 1, 2023.

7. A payment in the amount of $69,593.70 from the Settlement Fund for Epiq's estimate of its fees and expenses to be incurred in connection with the Initial Distribution of the Net Settlement Fund is hereby AUTHORIZED. If the incurred fees and expenses for the Initial Distribution are lower than the estimate, the Claims Administrator shall promptly reimburse the Net Settlement Fund.

8. The administration of the Settlement and the proposed distribution of the Net Settlement Fund comply with the terms of the Stipulation and the Plan of Allocation.

9. The Claims Administrator is authorized to destroy paper copies of the Claim Forms and all supporting documents one year after the Second Distribution of the Net Settlement Fund, and to destroy electronic copies of the same one year after all funds have been distributed.

10. The Court retains jurisdiction to consider further applications concerning the administration of the Settlement, and such other and further relief as this Court deems appropriate.

DATED this __Ninth__ day of __May__, 2023

The Clerk of Court is directed to terminate ECF No. 161.

BY THE COURT:

_____
Honorable Jesse M. Furman
UNITED STATES DISTRICT JUDGE