SDNY PRO SE OFFICE
2023 JUL 12 AM 10: 53

UNITED STATES DISTRICT COURT
SOUTHEREN DISTRICT OF NEW YORK

| IN RE NIELSEN HOLDINGS PLC SECURITIES LITIGATION | Civil Action No. 1:18-cv-07143-JMF |
|---|---|

**DE MINIMIS PROOF OF CLAIM INFORMATION STATEMENT**
**CONTRARY TO CLASS ACTION LAWSUIT JUSTICE**
**REQUEST FOR PUBLISHED EXPLANATION**

1. De Minimis Applicant, Larry D. Killion, submits this information statement for the Court's consideration and request that the Court publish an explanation to Class Members of the justice reasoning behind the De Minimis determination.

**BASIS OF INFORMATION STATEMENT**

2. De Minimis Applicant received by snail mail dated June 23, 2023, the attached Notice of De Minimis Proof of Claim and the determination that De Minimis Applicant, a Class Member will not receive a payment from the Settlement, ostensibly because the claim is too small.
3. A fundamental characteristic of Class Action lawsuits,
   - A Class Action overcomes the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights, by aggregating the relatively ***paltry*** potential recoveries into something worth someone's (usually an attorney's) labor." Amchem Prods., Inc., 521 U.S. at 617 (quoting Mace, 109 F.3d at 344). In other words, a class action ensures that a defendant who engages in widespread harm – but does so ***minimally*** against each individual plaintiff – must compensate those individuals for their injuries. For example, thousands of shareholders of a public company may have losses too small to justify separate lawsuits, but a class action can be brought efficiently on behalf of all shareholders. Perhaps even more important than compensation is that class treatment of claims may be the only way to impose the costs of wrongdoing on the wrongdoer, thus deterring future wrongdoing.

- For the Court to assert that a Class Member claim has de minimis characteristics and not worthy of compensation, is contrary to the fundamental reason why Class Actions are brought.
- It is presumed Class Action certification already took into account paltry and minimal claims of potential Class Members and hence part of the reasoning why certification was advanced for the benefit of ALL Class Members, not just those that held claims greater than some unspecified arbitrary de minimis value.
- The Court found that an award of Attorney's fees in the amount of $18,037,433 and litigation expenses of $850,266.93 as being reasonable yet a de minimis claim is ostensibly unreasonable[1].
- Class Members who did not opt out of the Class Action (since by default they are automatically opted in absent an affirmative opt out election) and consequently gave up their independent cause of action right, based on the illusion that in the success case, they would receive some compensation. For the Court to disregard that illusion with the De Minimis ruling, is inconsistent with due process of law standard of conduct.
- The reasoning of the de minimis determination challenges the conscience of good justice.

4. Request is made to the Court to publish an explanation of the reasoning behind the de minimis determination in light of the fundamental purpose behind Class Action lawsuits including why when Class certification was made, that determination included a de minimis explanation.

Respectfully submitted,

This 7 day of July, 2023.

[signature]

Larry. D. Killion
Settlement Class member

713 906-9135, (mobil)
11235ldk@comcast.net
2114 Oxford Street
Houston, Texas 77008

The deadline for any Class Members to file objections to the settlement agreement and the plan of allocation --- which established the the $10 de minimis threshold --- was June 29, 2022. *See* ECF No. 140; ECF No. 133-1, at 25. Mr. Killion did not object on that basis and the orders are now final. To the extent Mr. Killion seeks an "explanation of the reasoning behind" the Court's final approval of the settlement agreement containing the de minimis threshold, the Court directs his attention to Judge Lynch's discussion of this issue in *In re Global Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 463 (S.D.N.Y. 2004). In light of the "undeniable fact that claims-processing costs money, . . . the need to avoid excessive expense to the class as a whole outweighs the minimal loss to the claimants who are not receiving their de minimis amounts of relief" in this case. *Id.* Lead Counsel is ordered to mail a copy of this endorsed document to Mr. Killion.

SO ORDERED. [signature] August 24, 2023

**CERTIFICATE OF SERVICE**

[1] Perhaps the attorney's who are compensated by the huge fee, could focus on a bit of charity and make good to the de minimis Class Members. Another form of justice.

I, Larry D. Killion, hereby certify that on the 7 day of July, 2023, copies of the DE MINIMIS PROOF OF CLAIM INFORMATION STATEMENT CONTRARY TO CLASS ACTION LAWSUIT JUSTICE REQUEST FOR PUBLISHED EXPLANATION , WERE mailed by first class prepaid postage (certified mail receipt) to the following recipients:

**UNITED STATES DISTRICT COURT**
**SOUTHEREN DISTRICT OF NEW YORK**
Clerk of the Court
Daniel Patrick Moynihan
U.S. Courthouse
500 Pearl Street
New York, NY 10007

Lead Counsel
Labaton Sucharow LLP
Christine M. Fox, Esq.
140 Broadway
New York, NY 10005

Defendant's Counsel
Representative
Simpson Thacker & Bartlett LLP
Craig S. Waldman, Esq.
425 Lexington Avenue
New York, NY 10017

Copy to: info@NielsenSecuritiesSettlement.com

It is presumed Lead Counsel will post this Information Statement as a relevant document in *www.NielsenSecuritiesSettlement.com*.

*Nielsen Securities Litigation*
Claims Administrator
P.O. Box 5890
Portland, OR 97228-5890

Website: NielsenSecuritiesSettlement.com
Email: info@NielsenSecuritiesSettlement.com
Phone: (855) 662-0033

*400563120008065184*
000 0000707 00000000 0001 0001 00707 INS: 0 0
FMT CO CUST IRA ROLLOVER
FBO LARRY D KILLION
2114 OXFORD ST
HOUSTON TX 77008-2649

June 23, 2023

Claim Number: 800000354

**Notice of De Minimis Proof of Claim**

Dear Claimant:

We received the Proof of Claim and Release form ("Claim") that you submitted in connection with the Settlement of the class action entitled *In re Nielsen Holdings plc Securities Litigation*, Civil Action No. 1:18-cv-07143-JMF ("the Action"). Your Claim was processed and calculated in accordance with the Court-approved Plan of Allocation set forth in the Notice of Proposed Settlement, which was previously mailed to you and is also available on the Settlement website at NielsenSecuritiesSettlement.com.

After processing your Claim under the Court-approved Plan of Allocation, it was determined that your Claim calculated to a distribution amount of less than $10.00. Because of the costs associated with distributing payments, the Plan of Allocation provides that "the Net Settlement Fund will be allocated among all Authorized Claimants whose Distribution Amount is $10.00 or greater." Accordingly, your Claim will not receive a payment from the Settlement.

If you have any questions, please contact us at the toll-free number or email address noted above. More information can also be found at NielsenSecuritiesSettlement.com.

Sincerely,

*Nielsen Securities Litigation*
Claims Administrator

Larry D Killion, P.E., J.D.
2114 Oxford Street
Houston, Texas 77008

RECEIVED
JUL 11 2023
CLERK'S OFFICE
S.D.N.Y.

NORTH HOUSTON TX 773
7 JUL 2023 PM 3 L


Gonk Droid FOREVER USA

Pro Se
B.C

USM P3
SDNY

UNITED STATES DISTRICT COURT
SOUTHEREN DISTRICT OF NEW YORK
Clerk of the Court
Daniel Patrick Moynihan
U.S. Courthouse
500 Pearl Street
New York. NY 10007
10007-133099